UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| WESAM M. ABDELZAHER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case 1:25-cv-03496-JPC-SLC |
| | : | |
| MATT BRIDGE, ET AL., | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Dated: New York, New York
        June 24, 2025

Simone R. D. Francis
Marc-Joseph Gansah
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: (212) 492-2500
Fax: (212) 492-2501
simone.francis@ogletree.com
marcjoseph.gansah@ogletree.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT .................................................................................................1

II. BACKGROUND..................................................................................................................3

III. ARGUMENT ....................................................................................................................4

    A.  Motion to Dismiss Standard Under 12(b)(6) .........................................................4

    B.  Plaintiff Filled Out The Wrong Complaint Form, and as a Result, Fails To State A
        Claim Upon Which Relief Can Be Granted..........................................................6

    C.  Assuming *Arguendo* That Plaintiff Is Alleging Disability And Discrimination
        Claims Under Title VII Or The ADA, She Has Failed To Exhaust Administrative
        Remedies Before Pursuing Her Federal Claims. ..................................................7

    D.  Plaintiff's Failure To Accommodate Claim(s) Fail. .............................................8

    E.  Plaintiff Failed To Allege Discrimination Claims Under The NYSHRL And The
        NYCHRL. ...............................................................................................................9

    F.  Class Is Not A Protected Category Under Any Statute. .....................................11

    G.  Plaintiff Fails To State A Claim Against Defendant Bridge...............................12

IV. CONCLUSION................................................................................................................13

i

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

**Federal Cases**

*Anderson v. City of New York, No. 22 Civ. 3990*,
    2024 WL 183103 (S.D.N.Y. Jan. 17, 2024) ............................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................................4, 5

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001).................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................4, 5, 6

*Bernstein v. Seeman*,
    593 F. Supp. 2d 630 (S.D.N.Y. 2009).....................................................................................12

*Castillo v Hudson Theatre, LLC*,
    412 F Supp 3d 447 (S.D.N.Y. 2019).....................................................................................8, 9

*Deravin v. Kerik*,
    335 F.3d 195 (2d Cir. 2003).....................................................................................................7

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994).......................................................................................................5

*Fowlkes v. Ironworkers Loc. 40*,
    790 F.3d 378 (2d Cir. 2015).....................................................................................................7

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).......................................................................................................5

*Kaba v. Hope Home Care*,
    No. 23CV9512OEMLB, 2024 WL 1679327 (E.D.N.Y. Apr. 18, 2024)...................................7

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984)....................................................................................................................4

*Kittay v. Kornstein*,
    230 F.3d 531 (2d Cir. 2000).......................................................................................................7

*Maron v. Legal Aid Soc'y*,
    605 F. Supp. 3d 547 (S.D.N.Y. 2022)....................................................................................12

*Rosado v. Port Auth. of N.Y. & N.J.*,
  No. 22-587, 2024 WL 658776 (2d Cir. Feb. 16, 2024) .............................................................7

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988)........................................................................................................6

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001).........................................................................................................4

*Sheppard v. Beerman*,
  18 F.3d 147 (2d Cir. 1994).........................................................................................................5

*Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*,
  882 F.3d 52 (2d Cir. 2018)..........................................................................................................7

*Traguth v. Zuck*,
  710 F.2d 90 (2d Cir. 1983)..........................................................................................................5

*Triestman v. Fed. Bureau of Prisons*,
  470 F.3d 471 (2d Cir. 2006).......................................................................................................5

*U.S. v. Space Hunters, Inc.*,
  429 F.3d 416 (2d Cir. 2005).......................................................................................................4

**State Cases**

*Alhaj v. New York City Health & Hosps. Corp.*,
  2022 N.Y. Misc. LEXIS 5994 (Sup. Ct. N.Y. County, Oct. 10, 2022) ...................................10

*Appleton v. City of New York*,
  No. 157849/2017, 2019 N.Y. Misc. LEXIS 1051 (Sup. Ct. N.Y. County Mar.
  13, 2019) .............................................................................................................................9, 10

*Brown v. City of New York*,
  188 A.D.3d 518 (1st Dep't 2020) ............................................................................................11

*Doe v. Bloomberg, L.P.*,
  36 N.Y.3d 450, 167 N.E.3d 454 (2021)...................................................................................12

*Henvill v. Metropolitan Transp. Auth.*,
  No. 162088/2014, 2017 N.Y. Misc. LEXIS 2837 (Sup. Ct. N.Y. County, Mar.
  9, 2017) ....................................................................................................................................10

*McCormick v. Intl. Ctr. for the Disabled*,
  No. 114541/2011, 2013 N.Y. Misc. LEXIS 2072 (Sup. Ct. N.Y. County, May
  10, 2013) ..................................................................................................................................10

*Pitter-Green v. NYU Langone Med. Ctr.*,
  No. 155386/2021, 2022 N.Y. Misc. LEXIS 7975 (Sup. Ct. N.Y. County, Dec.
  16, 2022) ................................................................................................10

*Sullivan v BDG Media, Inc.*,
  71 Misc. 3d 863 (Sup. Ct. 2021) ..............................................................8, 9

*Williams v. New York City Hous. Auth.*,
  61 A.D.3d 62 (1st Dep't 2009) ..................................................................10

**Federal Statutes**

42 U.S.C. § 2000e-2(a) ...............................................................................11

ADA ......................................................................................................1, 2, 7, 8

Civil Rights Act of 1964 Title VII................................................... *passim*

**State Statutes**

N.Y., Code § 8-107 (28)(b)..........................................................................8

N.Y. Exec. Law § 196 (1) ...........................................................................12

NYCHRL ............................................................................... *passim*

NYSHRL..............................................................................8, 9, 11, 12

**Rules**

Federal Rule of Civil Procedure Rule 12(b)(6)......................................... *passim*

Federal Rules of Civil Procedure Rule 8 ..................................................1, 5, 6

**Regulations**

N.Y.C. Admin. Code § 8-107(1) (a) ...........................................................12

iv

## I.  PRELIMINARY STATEMENT

Defendants Google LLC. ("Google") and Matthew Bedient Bridge ("Bridge")[1] (collectively "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss (the "Motion") the Complaint Plaintiff Wesam M. Abdelzaher ("Plaintiff"), proceeding *pro se*, filed with this Court on April 28, 2025 (the "Complaint").

Plaintiff applied unsuccessfully to several positions at Google between 2021 and 2024 and claims that her repeated rejections were due to discrimination. She alleges that Defendants discriminated against her based on her sex, gender identity, religion, ethnicity and "class" and that they failed to accommodate her neurodivergence.

At the outset, Defendants deny the allegations. Moreover, the Complaint is legally deficient and must be dismissed. Although the Court affords *pro se* litigants some leniency, that leniency does not excuse failure to meet the basic procedural requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Defendants move pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure to dismiss the entire Complaint with prejudice for failure to state a claim upon which relief can be granted for the following reasons.

First, Plaintiff filed the Complaint using an improper form designed for non-employment civil rights claims and not the Court's Employment Discrimination Complaint Form, and as a result, Plaintiff fails to identify the statutes under which she seeks relief. Thus, the Complaint does not satisfy Rule 8's fair notice requirement.

Second, assuming *arguendo* that Plaintiff purports to bring her claims under Title VII of the Civil Rights Act of 1964 (Title VII) and/or the Americans with Disabilities Act of 1990 ("ADA"), Plaintiff has failed to exhaust her administrative remedies in relation to these claims.

---

[1] Defendants are incorrectly named as Matt Bridge and Google in the Complaint.

1

Plaintiff has never filed a Charge of Discrimination or a Complaint with the Equal Employment Opportunity Commission ("EEOC") or a state agency prior to bringing these claims before the Court. This omission is fatal to her alleged federal claims.

Third, Plaintiff alleges that Defendants discriminated against her on the basis of her class, a category that is not protected under any statutes in the nation.

Fourth, despite numerous blanket statements and vague assertions of discrimination, Plaintiff still fails to adequately allege her membership in the protected classes she claims are the basis upon which Defendants discriminated against her. Despite its length of twenty-three pages, the Complaint does not identify Plaintiff's sex, gender identity, religion, or ethnicity. Additionally, Plaintiff failed to allege sufficient facts for the Court to infer discriminatory animus in Defendants' decisions not to hire her. In a conclusory fashion, Plaintiff concludes without providing any supporting facts that she fell victim to implicit bias.

Similarly, Plaintiff asserts that Defendants did not accommodate her alleged neurodivergence; however, she fails to specify if, when, to whom, and what accommodations, if any, she requested during the interview process.

Last, the claims against individual Defendant Bridge fail as a matter of law because Title VII and the ADA do not contemplate individual liability. Furthermore, Bridge cannot be liable for aiding and abetting discriminatory conduct if Google itself cannot be found liable under the New York City Human Rights Law. Mystery surrounds why Bridge is named as a Defendant in this action, as his only crime appears to be that he was the hiring manager during the only time Plaintiff reached the final interview stage. The Complaint does not allege a single discriminatory comment or behavior that would explain this mystery.

This list of deficiencies in fact underscores a broader failure to ground allegations in factual or legal reality. For these reasons, Defendants request that the Court dismiss Plaintiff's claims in their entirety and with prejudice, since no amendment of the Complaint could change the result.

## II.  BACKGROUND[2]

Plaintiff unsuccessfully interviewed for several roles with Google between 2021 and 2024. (Francis Aff. Ex. A, p. 5.) In October 2024, Plaintiff interviewed again for the Customer Engineer Role ("CE"). (*Id.*) She successfully completed the first two rounds of interviews, and Google invited her to prepare and deliver a technical presentation to the hiring manager, Bridge, and Senior Customer Engineer Jimmy Ruiz Sr. (*Id.*). Plaintiff prepared and delivered the presentation virtually. (*Id.,* p. 6.) Following the interview, Google did not extend an offer of employment to Plaintiff, and Plaintiff took offense to the fact that she did not receive an "explanation" she believes Defendants owe her regarding their decision. (*Id.*) After the failure to secure an offer, Plaintiff continued to apply for the same position several times but was similarly unsuccessful. (*Id.*) Plaintiff assumed that simply "getting certified and apply[ing] several times to the same positions and other positions within Google" entitled her to one of the most coveted positions with one of the largest companies in history. (*Id.*) As evidence, Plaintiff boldly states that she "met the criteria" each time she applied, yet Google inexplicably rejected her "*every time.*"

Following these rejections, Plaintiff began harassing recruiters, Google team members, managers and Bridge "via email *and* LinkedIn[.]" (*Id.*) To this day, Plaintiff cannot fathom why Google has not "*given* her any job offers, credit, or compensation [she believes she deserves]…

---

[2] The information in this section is derived from Plaintiff's Complaint which is attached as Exhibit A to the affirmation of Simone R. D. Francis ("Francis Aff."). Should any of Plaintiff's claims survive, Defendants fully reserve the ability to contest these allegations.

without viable justification." (*Id.,* p. 8*.*)  The only explanation Plaintiff could contemplate to explain her inability to secure what appears to be her desired job at Google is some form of "implicit bias" from Defendants towards her on the basis of every protected and *unprotected* category she could think of., i.e., her "sex, gender identity, religion, ethnicity and *class*." (*Id.*) (emphasis added).  Aside the fact that "class" is not a protected category under any statute in the nation, the Complaint is devoid of any allegations describing if and how she belongs to these categories, nor does it contain any specific details that give rise to any inference that Defendants' rejection of Plaintiff's applications was somehow motivated by unlawful discrimination.

Lastly, although Plaintiff fails to specify if, how and from whom she requested any reasonable accommodation from Google, she alleges that Google failed to accommodate her "for neurodivergence. (*Id.*)

### III.   ARGUMENT

**A.    Motion to Dismiss Standard Under 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss should be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

When considering a Rule 12(b)(6) motion, a court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *U.S. v. Space Hunters, Inc.*, 429 F.3d 416, 424 (2d Cir. 2005). However, a pleading must allege more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations of fact "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). Plaintiff must "provide the 'grounds' of her 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although in reviewing the Complaint, the Court must accept all well-pleaded factual allegations as true, it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555.

Further, the Court need not accept as true any of Plaintiff's "conclusions of law or unwarranted deductions of fact" contained in his Complaint. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (stating that motions to dismiss under Rule 12(b)(6) are granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible, not merely possible, that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). At the same time, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). The "special solicitude" in *pro se* cases, *Triestman*, 470 F.3d at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.  Rule 8 requires a complaint to include enough facts to state a claim

for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007).

In the present case, the Complaint, even if accepted as true, fails to state a claim for relief

on all counts and, accordingly, should be dismissed with prejudice. *See Fed. R. Civ. P.* 12(b)(6)

("A party may move to dismiss a complaint for "failure to state a claim upon which relief may be

granted.").

**B.** **Plaintiff Filled Out The Wrong Complaint Form, and as a Result, Fails To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff filed the Complaint using an improper form designed for non-employment civil

rights claims and not the appropriate Court's Employment Discrimination Complaint Form, and

as a result, the Complaint fails to give each defendant fair notice of what her claims are and the

grounds upon which they rest.

"[T]he principal function of pleadings under the Federal Rules is to give the adverse party

fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin

v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, because Plaintiff used the wrong Complaint

form, nowhere does she identify the statutes (federal, state or local) under which she purports to

bring her discrimination claims. "[A]t a minimum," a complaint must "give each defendant fair

notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of

Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Plaintiff fails to do so, and thus, the Complaint does

not satisfy Rule 8's fair notice requirement.

Accordingly, because the Complaint fails to specify under which statutes Plaintiff brings

the action and fails to "disclose sufficient information to permit [Defendants] to have a fair

understanding of what [Plaintiff] is complaining about and to know whether there is a *legal basis*

6

for recovery", the Court must dismiss the Complaint with prejudice. *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (emphasis added).

**C.        Assuming *Arguendo* That Plaintiff Is Alleging Disability And Discrimination Claims Under Title VII Or The ADA, She Has Failed To Exhaust Administrative Remedies Before Pursuing Her Federal Claims.**

Assuming *arguendo* that Plaintiff purports to bring her claims under federal statutes such as the ADA or Title VII, Plaintiff has failed to exhaust her administrative remedies before bringing the Complaint. Therefore, the Court must dismiss her Complaint with prejudice.

Prior to filing suit in federal court under Title VII or the ADA, a plaintiff must exhaust her administrative remedies by filing a complaint with the EEOC, a state or local agency. *See Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC."); *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.,* 882 F.3d 52, 57 (2d Cir. 2018); *accord Rosado v. Port Auth. of N.Y. & N.J.*, No. 22-587, 2024 WL 658776, at *2 (2d Cir. Feb. 16, 2024) (summary order) ("[P]laintiffs asserting claims under the ADA must first file a charge of discrimination with the EEOC."). Thus, "[i]n New York, a federal employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 300 days of the alleged discrimination." *Kaba v. Hope Home Care*, No. 23CV9512OEMLB, 2024 WL 1679327, at *2 (E.D.N.Y. Apr. 18, 2024). This requirement applies equally to *pro se* and represented parties. *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("The administrative exhaustion requirement applies *to pro se* and counseled plaintiffs alike.").

Assuming *arguendo* that Plaintiff alleges claims under the ADA or Title VII, she failed to exhaust her administrative remedies and obtain a right-to-sue letter from the EEOC before filing

the Complaint. Plaintiff has not attached a right-to-sue letter to the Complaint or even alleged the filing of a Charge with the EEOC and receipt of a right-to-sue letter.

This failure is fatal to her employment discrimination claims under federal statutes. Accordingly, Defendants respectfully request that the Court dismiss all of Plaintiff's ADA and Title VII claims with prejudice. *Anderson v. City of New York, No. 22 Civ. 3990,* 2024 WL 183103, at *6 n.6 (S.D.N.Y. Jan. 17, 2024) ("The Court should grant a motion to dismiss if [non]exhaustion is clear from the face of the complaint (and incorporated documents").)

**D.      Plaintiff's Failure To Accommodate Claim(s) Fail.**

Plaintiff's failure to accommodate claim(s) are meritless because she does not allege that she requested a reasonable accommodation from Defendants for her interviews. Accordingly, the Court must dismiss these claim(s) with prejudice.

Under the New York State Human Rights Law ("NYSHRL"), a failure to accommodate claim includes "a refusal to make reasonable modifications in policies, practices, or procedures" that are needed to enable an individual with a disability to take advantage of a place of accommodation." *Sullivan v BDG Media, Inc*., 71 Misc. 3d 863, 871 (Sup. Ct. 2021) (quoting Executive Law § 296(2)(c)(i)-(ii)). Likewise, violations of the New York City Human Rights Law ("NYCHRL") in the context of disability discrimination require a refusal to discuss or provide reasonable accommodations. *See* New York City, N.Y., Code § 8-107 (28)(b). Indeed, the "requirement that private entities make reasonable accommodations for disabled individuals would be rendered *meaningless* if the entity had no basis for knowing (1) what accommodation the plaintiff was seeking, and (2) whether those accommodations were reasonable in light of the disability. . . ." *Castillo v Hudson Theatre, LLC*, 412 F Supp 3d 447, 451 (S.D.N.Y. 2019) (emphasis added) (internal quotation omitted). Thus, in order to sufficiently plead a violation of the NYSHRL and/or the NYCHRL, a plaintiff must sufficiently plead that a request for

reasonable accommodations was made or supply facts that would support a conclusion that a request would have been refused. *Sullivan*, 71 Misc. 3d at 865; *Castillo*, 412 F Supp. 3d at 451).

In the present case, Plaintiff failed to adequately plead that she requested a reasonable accommodation due to her neurodivergence. Plaintiff simply alleges in a conclusory fashion that she was "not accommodated for neurodivergence." (Francis Aff. Ex. A, p. 8.) Nowhere in her Complaint does she allege that she requested a reasonable accommodation from Defendants to participate in the interviews in light of her alleged disability. Similarly, there is nothing in the Complaint even to suggest that Defendants were aware of the specific accommodations she allegedly needed. Defendants were not aware of Plaintiff's disability or her need for a reasonable accommodation because she never communicated them. Thus, Plaintiff has failed to sufficiently plead the elements of her failure to accommodate claim(s).

Accordingly, these claims should be dismissed with prejudice as a matter of law.

**E.    Plaintiff Failed To Allege Discrimination Claims Under The NYSHRL And The NYCHRL.**

Plaintiff's discrimination claims fail because she does not allege sufficient facts to give rise to an inference that Defendants acted with discriminatory animus when they rejected her applications for employment with Google.

To plausibly allege a claim for intentional employment discrimination under the NYSHRL, a plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified to hold the position; (3) she was terminated from employment or suffered an adverse employment action; and (4) the discharge or other adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Appleton v. City of New York*, No. 157849/2017, 2019 N.Y. Misc. LEXIS 1051, at *19 (Sup. Ct. N.Y. County Mar. 13, 2019). Where a plaintiff fails to plead facts demonstrating that an adverse employment action occurred

under circumstances giving rise to an inference of discrimination, a defendant will prevail on a motion to dismiss. *McCormick v. Intl. Ctr. for the Disabled*, No. 114541/2011, 2013 N.Y. Misc. LEXIS 2072, at *14 (Sup. Ct. N.Y. County, May 10, 2013).

The standard for alleging a claim of employment discrimination is the same under the NYCHRL, except a plaintiff "bears the burden of showing that the conduct is caused by a discriminatory motive." *Appleton*, 2019 N.Y. Misc. LEXIS 1051, at *20; *see also Henvill v. Metropolitan Transp. Auth.*, No. 162088/2014, 2017 N.Y. Misc. LEXIS 2837, at *24 (Sup. Ct. N.Y. County, Mar. 9, 2017) (citation and quotation omitted) ("Although the pleading standard is more permissive under the [NYCHRL], a plaintiff must still adequately plead that the conduct is caused at least in part by discriminatory . . . motives."). Under both statutes, a Plaintiff must show that she was treated less well because of her protected characteristic. *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009).

To show that Defendants treated her differently because of her "sex, gender identity, religion or ethnicity," (Francis Aff. Ex. A, p. 8.) Plaintiff must "plead facts sufficient to support such an inference beyond conclusory allegations of bias." *Pitter-Green v. NYU Langone Med. Ctr.*, No. 155386/2021, 2022 N.Y. Misc. LEXIS 7975, at *12 (Sup. Ct. N.Y. County, Dec. 16, 2022). "An inference of discrimination can be drawn from circumstances such as '[Defendant]'s criticism of the plaintiff … in ethnically degrading terms; or its invidious comments about others in [Plaintiff's] protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's [adverse employment action]." *Alhaj v. New York City Health & Hosps. Corp.*, 2022 N.Y. Misc. LEXIS 5994, at *19-20 (Sup. Ct. N.Y. County, Oct. 10, 2022) (quoting *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001)).

Here, the Complaint is devoid of such allegations. Plaintiff merely states that three males interviewed her and that she was discriminated against on the basis of her sex, gender identity, religion and ethnicity. She does not even bother to identify her sex, gender identity, religion, or ethnicity. Defendants are left to infer under which protected category Plaintiff alleges she is a member of, which is ironic for a case where they are accused of implicit bias. Additionally, the Complaint does not allege a single discriminatory comment or remark from Google employees during her interviews or the numerous communications she had with them over the years. Similarly, the trove of irrelevant email communications attached to the Complaint does not contain one comment or statement from which an inference of discrimination can be drawn. Construed in its entirety, the Complaint lacks details or facts to support an inference of discrimination. *See generally* Complaint.

Lastly, Plaintiff does not allege that any similarly situated applicants who did not share her protected characteristics were treated more favorably. *Brown v. City of New York*, 188 A.D.3d 518, 519 (1st Dep't 2020) (finding that the complaint did not "allege facts that would establish that similarly situated persons who did not share his [protected characteristics] were treated more favorably than he was").

For these reasons, Plaintiff's discrimination claims must be dismissed with prejudice.

**F.    Class Is Not A Protected Category Under Any Statute.**

Plaintiff's claim of discrimination based on "class" fails as a matter of law because neither Title VII, the NYSHRL, nor the NYCHRL recognizes "class" as a protected category. (Francis Aff. Ex. A, p. 8.)

It is axiomatic that a plaintiff must belong to a protected class in order to file a claim of discrimination. 42 U.S.C. § 2000e-2(a). It is well established that the protected characteristics under Title VII include race, color, religion, sex, and national origin, while the NYSHRL

11

includes the same plus age, creed, citizenship or immigration status, sexual orientation, gender identity or expression, military status, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence. *See id.*; N.Y. Exec. Law § 196 (1). The NYCHRL adds partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, to the list of protected categories. *See* N.Y.C. Admin. Code § 8-107(1) (a).

Class is not a protected category under any potentially applicable federal, state or local statute. Therefore, Plaintiff's discrimination claims should be dismissed with prejudice because "class" is not a protected category. *Maron v. Legal Aid Soc'y*, 605 F. Supp. 3d 547, 558 (S.D.N.Y. 2022) (dismissing a discrimination claim pursuant to Rule 12(b)(6) when a plaintiff sets out facts based on a category that is not a protected characteristic under the statute).

G.    **Plaintiff Fails To State A Claim Against Defendant Bridge.**

It is well-settled that individual employees, including hiring managers such as Defendant Bridge, cannot be held personally liable for alleged violations under Title VII. *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 633 (S.D.N.Y. 2009) ("The case law in this jurisdiction is clear that there can be no individual liability under Title VII."). Similarly, hiring managers who are merely implementing decisions or participating in standard employment functions cannot be held individually liable under the NYSHRL unless they have some ownership interest in the Company. *Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 476, 167 N.E.3d 454, 472 (2021) (stating that a corporate employee is not individually subject to suit under the NYSHRL). The only plausible statute Plaintiff may bring the claim against Bridge is the NYCHRL.

Here, the Complaint is devoid of any allegations that would imply Bridge has an ownership interest in Google or that his role in this interview went beyond the corporate function

12

of a hiring manager. Moreover, Plaintiff does not allege that Bridge uttered a single discriminatory comment during her interview.

Because Bridge cannot be held liable for aiding and abetting his own discriminatory conduct, and Plaintiff cannot establish that Google discriminated against her, there is no basis on which Bridge can be found liable for aiding or abetting discrimination or failure to accommodate under the NYCHRL.

For these reasons, the claims against Bridge must be dismissed with prejudice.

## IV.  CONCLUSION

Defendants request that the Court grant their Motion, dismiss all claims in the Complaint with prejudice and grant all other relief to which Defendants may be justly entitled.

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART**

DATED: June 24, 2025                    By: *Simone R. D. Francis*
                                        Simone R. D. Francis, Esq.
                                        Marc-Joseph Gansah, Esq.
                                   599 Lexington Avenue, 17th Floor
                                   New York, NY 10022
                                   340-714-5510
                                   212-492-2068
                                   Simone.francis@ogletree.com
                                   Marcjoseph.gansah@ogletree.com
                                   *Attorneys for Defendants*

13

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, a true and correct copy of the foregoing motion to dismiss and all applicable papers were filed with the clerk of the court using the CM/ECF system, which sent notification of same to Plaintiff. Further, per Local Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, *pro se* Plaintiff was provided with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases via electronic mail to:

Wesam M. Abdelzaher
Wesam.abdelzaher0@gmail.com
*Plaintiff*

Dated: June 24, 2025

By:   /s/ *Simone R. D. Francis*