UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-03496-JPC-SLC

**PLAINTIFF'S LETTER-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

To: Hon. John P. Cronan, U.S.D.J.
Hon. Sarah L. Cave, U.S.M.J.

Date: June 24, 2025

Plaintiff respectfully submits this letter in opposition to Defendants' Motion to Dismiss (Dkt. No. 1:25-cv-03496-JPC-SLC). For the reasons below, the Motion should be denied in its entirety.

**1. Preliminary Statement**

Defendants ask the Court to dismiss Plaintiff's Complaint for failure to state a claim. But Plaintiff has alleged more than "labels and conclusions." She has pleaded:
- An uncompensated consulting relationship imposed by Matt Bridge and Google;
- The creation and delivery of a technical presentation, architecture diagram, and demonstration at Defendants' specific request;
- Defendants' appropriation and commercialization of that work—generating substantial profits;
- A pattern of workplace intimidation that chilled Plaintiff's ability to protest or seek fair compensation.

Taken as true, these facts state plausible claims under the Fair Labor Standards Act ("FLSA") and the Occupational Safety and Health Act ("OSHA"). Defendants' contrary arguments rest on mischaracterizations of the Complaint and the law.

**2. Governing Standard**

Under Fed. R. Civ. P. 12(b)(6), a complaint survives if it alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). All reasonable inferences must be drawn in Plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**3. Argument**

A. Plaintiff States a Claim Under the FLSA
1. Employee (or "joint-employer") Status.
Plaintiff pleaded that Defendants directed, controlled, and profited from her work—factors the Second Circuit recognizes for joint-employer liability. [Cite case law: Zheng v. Liberty Apparel, 355 F.3d 61 (2d Cir. 2003).]
2. Unpaid Wages.

By requiring Plaintiff to produce a marketable technical solution and presentation without pay, Defendants deprived her of minimum and overtime wages. See 29 U.S.C. §§ 206–207.

B. Plaintiff States a Retaliation Claim Under OSHA

Plaintiff has alleged that she repeatedly raised safety and workplace concerns—and that Defendants retaliated by refusing to compensate her and by subjecting her to intimidation. These allegations satisfy OSHA's anti-retaliation provision, 29 U.S.C. § 660(c), which protects any employee who "blows the whistle" on unsafe working conditions.

C. Other Grounds for Dismissal Fail

- Statute of Limitations: Plaintiff filed this action within two years of Defendants' last uncompensated presentation.
- Administrative Exhaustion: OSHA does not require pre-complaint exhaustion for private civil suits.

D. If Any Defect Exists, Leave to Amend Should Be Granted

Under Rule 15(a)(2), "leave to amend shall be freely given." Here, amendment would not be futile and would impose no undue prejudice.

4. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, Plaintiff requests leave to amend her Complaint.

Respectfully submitted,

Date: June 24, 2025
New York, New York

/s/ Wesam Abdelzaher
Wesam Abdelzaher, Pro Se
396 Shepherd Ave APT 5, Brooklyn NY 11208
347-500-7429
wesam.abdelzaher0@gmail.com