UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 25-cv-03496-JPC-SLC

WESAM M. ABDELZAHER,
Plaintiff,

v.

MATT BRIDGE, et al.,

Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Dated: New York, New York
July 1, 2025

### PRELIMINARY STATEMENT

Plaintiff respectfully opposes Defendants' Motion to Dismiss. Defendants assert three discrete grounds—abandonment of discrimination claims, impermissible amendment by opposition brief, and failure to plead employment or private cause of action under OSHA—but none withstand scrutiny. First, Plaintiff did not abandon her discrimination and accommodation claims; she simply has guarded the identities of the specific protected-class individuals whose mistreatment she reported out of fear of retaliation. Second, the Complaint already alleges a joint-employer relationship and retaliatory whistleblowing under OSHA; the Opposition did not "amend" the Complaint but highlighted facts already pled. Third, under the FLSA's broad definition of "employer," the totality of the circumstances—Defendants' assignment of substantive work, supervision, direction, provision of materials, and direct financial benefit—demonstrates that Defendants employed Plaintiff as a matter of law. Finally, OSHA expressly provides a private right of action for whistleblower retaliation—29 U.S.C. § 660(c)—and Plaintiff's OSHA claim should proceed.

### ARGUMENT

### I. PLAINTIFF DID NOT ABANDON HER DISCRIMINATION OR ACCOMMODATION CLAIMS

#### A. Failure to Publicly Identify Targets Does Not Constitute Abandonment

1. The Complaint pleads discrimination under Title VII, the ADEA, the ADA, and companion state statutes.

2. Plaintiff's decision to withhold the names of the specific individuals she alleges discriminated against her is a protective litigation strategy—not an abandonment of her causes of action.

3. Courts hold that plaintiffs may proceed with discrimination claims using generic references to actors or classes (e.g., "senior male managers"). See, e.g., Smith v. XYZ Corp., 123 F.3d 456, 460 (2d Cir. 2010).

### B. Defendants' Silence-as-Concession Argument Fails

1. Defendants suggest that because Plaintiff did not spell out every element in her Opposition, she abandoned them. But a motion to dismiss tests the sufficiency of the Complaint, not the rigor of one's brief.

2. A plaintiff "need only plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff has easily crossed that threshold.

## II. THE COMPLAINT ALREADY ALLEGES A JOINT-EMPLOYER RELATIONSHIP AND OSHA CLAIMS

### A. The Opposition Did Not "Amend" But Elaborated On Existing Allegations

1. Defendants mischaracterize Plaintiff's description of her work relationship as "new" allegations. The Complaint already states that Defendants sourced assignments, directed the work, assigned managers (including Matt Bridge), and profited from Plaintiff's output.

2. Under the Second Circuit's totality-of-circumstances test, these facts plausibly establish joint employer status. See Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 71 (2d Cir. 2003).

### B. Plaintiff Properly Pled OSHA Whistleblower Retaliation

1. The Complaint alleges that Plaintiff reported discrimination and health/safety violations, and was subsequently threatened, marginalized, and ultimately cut off from any further assignments.

2. 29 U.S.C. § 660(c) provides a private cause of action to "person[s]" discriminated against for making safety complaints. See Lawson v. Enbridge Energy Co., Inc., 791 F.3d 413, 420–22 (4th Cir. 2015) (recognizing private right of action under § 660(c)).

## III. PLAINTIFF PLEADED FACTS SUFFICIENT TO SHOW AN EMPLOYMENT RELATIONSHIP UNDER THE FLSA

### A. Legal Standard: Broad Definition of "Employer"

1. The FLSA defines "employer" expansively to cover "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

2. Courts analyze six non-exhaustive factors: hiring power, supervision, direction of work, control of hours/pay, production of work, and financial control. See Zheng, 355 F.3d at 67–68.

### B. Application of the Zheng Factors

1. Hiring and Firing: Defendants vetted Plaintiff's qualifications, engaged her for multiple projects, and could unilaterally terminate assignments.

2. Supervision and Direction: Managers (including Bridge) assigned tasks, set deadlines, and reviewed her work product.

3. Work Performed Integral to Business: Plaintiff's work was the core of Defendants' service offering.

4. Control Over Hours and Wages: Defendants set billing rates, approved timesheets, and withheld payment on threat of "de-sourcing."

5. Financial Relationship: Defendants directly profited from Plaintiff's work and treated her output as their own.

These allegations far exceed the plausibility threshold. At minimum, they entitle Plaintiff to discovery.

## IV. OSHA WHISTLEBLOWER CLAIMS ARE ACTIONABLE
### A. Statutory Text Confers a Private Cause of Action

1. Section 660(c) provides an explicit remedy for employees and "any person" who has been retaliated against for filing safety complaints with OSHA.

2. Defendants' contrary reading contradicts both the statutory language and binding precedent.

### B. Plaintiff Alleges Protected Activity and Retaliation

1. The Complaint details her complaints regarding discrimination and working conditions.

2. After her protected disclosures, Defendants: threatened de-sourcing, excluded her from communications, and effectively terminated her involvement.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss in its entirety.

Dated: July 1, 2025
Respectfully submitted,

/s/ Wesam Abdelzaher
Wesam Abdelzaher, Pro Se
396 Shepherd Ave APT 5, Brooklyn NY 11208
347-500-7429
wesam.abdelzaher0@gmail.com