UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
WESAM M. ABDELZAHER,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No: 25-cv-03496-JPC-SLC
                                    )
MATT BRIDGE, et al.                 )
                                    )
                                    )
            Defendants.             )
_____ )

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Dated: New York, New York
       July 1, 2025

Simone R. D. Francis, Esq.
Marc-Joseph Gansah, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: (212) 492-2500
Fax: (212) 492-2501
simone.francis@ogletree.com
marcjoseph.gansah@ogletree.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

    I. ARGUMENT ....................................................................................................................2

        A. THE COURT MUST DISMISS ALL OF PLAINTIFF'S DISCRIMINATION CLAIMS BECAUSE SHE ABANDONED THEM. .......................................................2

        B. PLAINTIFF CANNOT AMEND HER COMPLAINT AND MAKE NEW CLAIMS THROUGH HER OPPOSITION MOTION PAPERS. ................................3

        C. PLAINTIFF'S FLSA CLAIMS FAIL BECAUSE SHE WAS NEVER IN AN EMPLOYMENT RELATIONSHIP WITH DEFENDANTS. ......................................4

        D. PLAINTIFF'S OSHA RETALIATION CLAIM MUST BE DISMISSED BECAUSE OSHA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION. .................................................................................................................7

CONCLUSION ................................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Dejesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) ................................................................................................... 5

*Guo v. IBM 401(k) Plus Plan*,
  95 F. Supp. 3d 512 (S.D.N.Y. 2015) ..................................................................................... 3

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) .................................................................................................. 6

*Jacobsen v. N.Y. City Health & Hosps. Corp.*,
  No. 12 Civ. 7460, 2013 WL 4565037 (S.D.N.Y. Aug. 28, 2013) ......................................... 7

*Kaplan v. Wings of Hope Residence, Inc.*,
  No. 18-cv-2972, 2018 WL 6437069 (E.D.N.Y. Dec. 7, 2018) .............................................. 5

*Laface v. E. Suffolk BOCES*,
  349 F. Supp. 3d 126 (E.D.N.Y. 2018) ............................................................................. 2, 3

*Lopez v. Acme AM. Envtl. Co.*,
  12-cv-511, 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012) ................................... 6

*Pani v. Empire Blue Cross Shield*,
  152 F.3d 67 (2d Cir. 1998) .................................................................................................... 3

*Quirk v. DiFiore*,
  582 F. Supp. 3d 109 (S.D.N.Y. 2022) ................................................................................... 7

*Ruotolo v. City of N.Y.*,
  514 F.3d 184 (2d Cir. 2008) .................................................................................................. 2

*U.S. Bank Nat. Ass'n v. Bank of Am., N.A.*,
  No. 12-CV-4873, 2012 WL 6136017 (S.D.N.Y. Dec. 11, 2012) ........................................... 5

*Weiss v. Starr Rest. Org., LP*,
  No. 20-CV-8090 (JMF), 2021 WL 3099895 (S.D.N.Y. July 21, 2021) ............................ 5, 6

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998) .................................................................................................. 3

**Federal Statutes**

29 U.S.C. §§ 206(a), 207(a)(1) ................................................................................................... 5

29 U.S.C. § 660(c) ..................................................................................................................7

FLSA ..............................................................................................................................1, 4, 5, 7

## PRELIMINARY STATEMENT

Plaintiff's opposition to Defendants' motion to dismiss (the "Opp. Ltr."), Docket Entry ("DE") 17, confirms that the Court must dismiss the Complaint, DE 1, in its entirety. Rather than remedying the defects Defendants identified in their motion to dismiss, DE 13 (the "Motion"), Plaintiff simply introduced new, contradictory legal theories and factual assertions in her opposition papers—none of which appear in the operative Complaint.

First, Plaintiff has abandoned all of her discrimination and failure-to-accommodate claims by failing to address—let alone oppose—Defendants' arguments for their dismissal. The law is clear: when a plaintiff fails to respond to arguments in a motion to dismiss, those claims are deemed abandoned and must be dismissed accordingly.

Second, in an attempt to salvage her case, Plaintiff instead opted to improperly introduce a flurry of new factual assertions and legal theories—including claims of an employment relationship with Defendants under the joint employment theory, theft and commercialization of her work, and OSHA whistleblower retaliation—that were conspicuously absent from the Complaint. It is well established that a plaintiff *may not* amend her pleading through opposition papers. These post hoc allegations are legally irrelevant and cannot cure the Complaint's fundamental deficiencies.

Third, Plaintiff's Fair Labor Standards Act ("FLSA") claims fail as a matter of law because she was never Defendants' employee. Her own allegations confirm she was merely an unsuccessful job applicant. Without an employment relationship, she cannot assert rights under the FLSA, and her failure to satisfy the "economic reality" test confirms the absence of any plausible employment theory. Additionally, Plaintiff's purported Occupational Safety and Health

1

Administration ("OSHA") retaliation claim also fails because there is no private right of action under OSHA.

Fourth, for the second time, Plaintiff has unsuccessfully and improperly attempted to plead viable claims against Defendants and has failed to do so. Accordingly, her request for leave to amend the Complaint in the alternative should be denied because any further amendment would be futile. Courts in this Circuit have consistently rejected the notion that litigation is a game of legal darts where a plaintiff may repeatedly reframe her claims in the hope that one might survive dismissal. *See, e.g.*, *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (leave to amend properly denied where amendment would be futile because plaintiff repeatedly failed to state viable claims). Because Plaintiff has demonstrated a pattern of shifting theories without curing the fundamental defects in her pleadings, granting leave to amend would serve only to prolong baseless litigation and should be denied.

For all these reasons, and as set forth more fully below, the Court must dismiss the Complaint with prejudice.

## I. ARGUMENT

### A. THE COURT MUST DISMISS ALL OF PLAINTIFF'S DISCRIMINATION CLAIMS BECAUSE SHE ABANDONED THEM.

Plaintiff has effectively abandoned her discrimination and failure to accommodate claims by failing to address—let alone rebut—Defendants' arguments for their dismissal. *See generally Opp. Ltr*. It is well settled in this Circuit that a plaintiff's failure to respond to arguments raised in a motion to dismiss constitutes abandonment of those claims. *See Laface v. E. Suffolk BOCES*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) ("A plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.") (collecting cases).

Here, Plaintiff offers no response in support of her claims of discrimination based on sex, gender identity, religion, ethnicity, or class, nor does she address her failure-to-accommodate claim based on her alleged neurodivergence. In fact, these claims are not even mentioned in her opposition, thereby conceding that she cannot sustain them. *See id.* (dismissing hostile work environment claim with prejudice based on plaintiff's failure to oppose arguments for dismissal).

Notably, these were the only causes of action Plaintiff asserted in her Complaint, and the relief she sought—$1,000,000 in damages—is explicitly tied to the alleged discrimination. *See Complaint*, p. 6. Because Plaintiff has abandoned the only claims she asserted, the Court must dismiss the Complaint in its entirety with prejudice.

**B.  PLAINTIFF CANNOT AMEND HER COMPLAINT AND MAKE NEW CLAIMS THROUGH HER OPPOSITION MOTION PAPERS.**

Plaintiff cannot remedy the fundamental deficiencies in her pleading by introducing new theories of liability or factual allegations for the first time in her opposition letter. Accordingly, the Court must discard all new allegations and facts that Plaintiff failed to assert in the Complaint.

It is well established that a plaintiff may not amend the complaint through arguments made in opposition to a motion to dismiss. *See*, e.g., *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its complaint through statements made in motion papers"); *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 526 (S.D.N.Y. 2015) ("[a] complaint cannot be amended merely by raising new facts and theories in [a plaintiff's] opposition papers"). Accordingly, in deciding a Rule 12(b)(6) motion, the Court is limited to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Shield*, 152 F.3d 67, 71 (2d Cir. 1998).

3

In the present case, Plaintiff never alleged in her Complaint the existence of "a consulting relationship" between her and Defendants, nor that they "appropriate[ed] and commercializ[ed] [her] work generating substantial profits." *Opp. Ltr.*, p. 1. Similarly, Plaintiff never alleged a "pattern of workplace intimidation" or that she "repeatedly raised safety and workplace concerns." *Id.*, pp. 1-2. Last, her assertion that she was an "employee who blows the whistle on unsafe work conditions" appears nowhere in the Complaint. *See also Opp. Ltr.*, p. 2 (internal quotations omitted). The Court must disregard these newly raised assertions, having no basis in the operative pleading, and Plaintiff cannot use them to overcome the facial insufficiency of the Complaint.

Accordingly, the Court must dismiss Plaintiff's claims without consideration of these impermissible post hoc theories.

C. **PLAINTIFF'S FLSA CLAIMS FAIL BECAUSE SHE WAS NEVER IN AN EMPLOYMENT RELATIONSHIP WITH DEFENDANTS.**

Plaintiff now attempts to recast her theory of liability by asserting—for the first time in her opposition brief—that Defendants "jointly" employed her and profited from her purported work. *Id*. This belated theory fails as a matter of law for two fundamental reasons: (1) Plaintiff never alleged a joint employment relationship or any employment relationship with Defendants in her Complaint; and (2) Plaintiff was, by her own admission, merely an unsuccessful applicant to a position at Google LLC ("Google"), not an "employee" covered by the FLSA.

First, the Complaint contains no allegations whatsoever that Defendants jointly employed Plaintiff or that any Defendant maintained an employment relationship with her. She alleges only that she applied unsuccessfully for positions at Google. *Complaint*, pp. 5-6. It is well-settled that a plaintiff may not amend a complaint through arguments or new factual assertions raised in opposition to a motion to dismiss. *See* **Section B**.

4

Second, even if Plaintiff had properly pleaded a joint employer relationship—which she did not—her FLSA claim still fails. The FLSA's minimum wage and overtime provisions apply only to "employees" who are "employed" by "employers." *See* 29 U.S.C. §§ 206(a), 207(a)(1). To state a claim under the FLSA, a plaintiff must allege that: (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is an "employee" within the meaning of the statute; and (3) the employment relationship is not exempt. *Kaplan v. Wings of Hope Residence, Inc.*, No. 18-cv-2972, 2018 WL 6437069, at *5 (E.D.N.Y. Dec. 7, 2018). For overtime claims, the plaintiff must also allege having worked over 40 hours in a workweek without compensation. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013).

The Complaint fails to allege the first two prongs of the test because Plaintiff does not allege that she was Defendants' employee and that she was not exempt from the FLSA overtime requirements. Instead, she alleges that she unsuccessfully applied to multiple positions at Google. *See Complaint*, pp. 6-8. This new allegation that she was an employee (or a party to a consulting relationship) directly contradicts the Complaint, in which she merely alleges that she unsuccessfully applied for some positions with Google. *See Complaint*, p. 6. It is well established that "'[w]here plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *U.S. Bank Nat. Ass'n v. Bank of Am., N.A.,* No. 12-CV-4873, 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2012) (internal quotations omitted).

Third, courts apply a four-part "economic reality" test to determine whether the putative joint employer is a joint employer of the Plaintiff. *Weiss v. Starr Rest. Org., LP,* No. 20-CV-8090 (JMF), 2021 WL 3099895, at * 2 (S.D.N.Y. July 21, 2021) (citing *Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61, 66-67 (2d Cir. 2003)). The relevant factors to determine

whether a "joint employer" relationship exists under the "economic reality" include whether the defendant: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*; *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Here, Plaintiff fails to satisfy the economic reality test. Her Complaint is devoid of any facts indicating that Defendants exercised control over her work schedule, supervised and controlled her conditions of employment. Plaintiff hastily made up these allegations for the first time in her reply and thus fails to meet the second factor.

Plaintiff's claims do not fare better under the third factor of the test.  The Complaint alleges that she repeatedly applied for a position at Google and was unsuccessful each time. *Complaint*, pp. 5-6. In one instance, she states that "[she] was asked to prepare a technical presentation … and… [she] delivered the presentation." *Id*. Critically, she does not allege that Defendants offered her an offer of employment (they did not), promised her compensation, set her rate of pay, or even that she worked more than 40 hours in any week in connection with preparing and/or delivering the presentation to be eligible for overtime. Additionally, she also failed to allege that Defendants created and maintained a personnel file or other employment records during her alleged employment. Accordingly, she fails to meet the third and fourth factors of the test.

The absence of allegations establishing the "economic reality" of an employment relationship is fatal to Plaintiff's claim. *See Lopez v. Acme AM. Envtl. Co.,* 12-cv-511, 2012 U.S. Dist. LEXIS 173290, at *12 (S.D.N.Y. Dec. 6, 2012) (granting motion to dismiss where plaintiff

failed to allege a joint employment relationship between Defendants under the economic reality test).

Plaintiff's claim that preparing interview materials somehow transformed her into an employee is legally untenable. Indeed, it is common for applicants to prepare and submit materials during a hiring process. To hold that such activity automatically creates an employment relationship would stretch the FLSA beyond recognition and expose employers to liability based on mere application efforts. In *Mendoza v. Zirkle Fruit Co.*, this Court explained that "'[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" 20-CV-02110 (MKV), 2021 WL 918622 at *2 (S.D.N.Y. Mar. 10, 2021), citing *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal,* 556 U.S. at 679) (emphasis added). Plaintiff's speculative and conclusory allegations defy common sense and are insufficient to survive a motion to dismiss.

Accordingly, the Court must dismiss Plaintiff's FLSA claims with prejudice.

**D.      PLAINTIFF'S OSHA RETALIATION CLAIM MUST BE DISMISSED BECAUSE OSHA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.**

The Court must dismiss Plaintiff's OSHA retaliation claim because OSHA does not provide a private right of action. Courts in this District have consistently held that enforcement of OSHA, including its anti-retaliation provision under 29 U.S.C. § 660(c), lies exclusively with the Secretary of Labor and may not be pursued directly in court by private litigants. *See e.g., Jacobsen v. N.Y. City Health & Hosps. Corp.*, No. 12 Civ. 7460, 2013 WL 4565037, at *7 (S.D.N.Y. Aug. 28, 2013) (collecting cases and noting that the "statutory scheme [of OSHA] envisions that the public rights created by the Act are to be protected by the Secretary [of Labor] and that enforcement of the Act is the sole responsibility of the Secretary"); *Quirk v. DiFiore*,

582 F. Supp. 3d 109, 116 (S.D.N.Y. 2022) (dismissing OSHA claim because "Plaintiff cannot bring a lawsuit under OSHA.").

Accordingly, because the Plaintiff cannot assert a private right of action under OSHA, the Court must dismiss her OSHA retaliation claims with prejudice.

## CONCLUSION

Defendants request that the Court grant their Motion, dismiss all claims in the Complaint with prejudice and grant all other relief to which Defendants may be justly entitled.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**

DATED: July 1, 2025            By: *Simone R. D. Francis*
Simone R. D. Francis, Esq.
Marc-Joseph Gansah, Esq.
599 Lexington Avenue, 17th Floor
New York, NY 10022
340-714-5510
212-492-2068
Simone.francis@ogletree.com
Marcjoseph.gansah@ogletree.com
*Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, a true and correct copy of the foregoing reply memorandum of law in further support of Defendants' motion to dismiss the complaint was filed with the clerk of the court using the CM/ECF system, which sent notification of same to Plaintiff. Further, per Local Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I provided *pro se* Plaintiff with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases via electronic mail to:

Wesam M. Abdelzaher
Wesam.abdelzaher0@gmail.com
*Plaintiff*

Dated: July 1, 2025

By: /s/ *Simone R. D. Francis*